**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**HEJAZI LAW GROUP**
Ashkan Hejazi (SBN: 296827)
ash@hejlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (866) 780-8585
Facsimile:  (866) 383-1008

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

*Attorneys for Plaintiff*,
Monir Mirshafiei

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIR MIRSHAFIEI,<br><br>Plaintiff,<br><br>v.<br><br>LVNV FUNDING LLC, NATIONS RECOVERY CENTER, INC.,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>(1) **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(P); AND**<br><br>(2) **NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

//
//
//
//

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. MONIR MIRSHAFIEI ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Defendants LVNV FUNDING LLC ("LVNV") and NATIONS RECOVERY CENTER INC. ("NRC") (collectively as "Defendants") with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those named Defendants.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; and, 15 U.S.C. § 1692k.

9. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA") and negligence.

10. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in the County of Orange, State of California, the harm to Plaintiff occurred in the County of Orange, State of California, and Defendants are subject to personal jurisdiction in the County of Orange, State of California, as they each conduct business there.

## PARTIES

11. Plaintiff is a natural person who resides in the City of Laguna Niguel, County of Orange, State of California.

12. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from

Plaintiff, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant, LVNV, is a Limited Liability Company incorporated under the laws of the State of Delaware.

14. Defendant, NRC, is a corporation incorporated under the laws of the State of Georgia, with a principal office located at 6491 Peachtree Ind. Blvd., Atlanta, GA, 30360

15. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore "debt collectors" as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff is an individual residing within the State of California.

17. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted business in the State of California.

18. Sometime prior to July 30, 2015, Plaintiff allegedly incurred financial obligations to Washington Mutual Bank, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are a "consumer debt" as that term is defined by 15 U.S.C. § 1692a(6).

19. These financial obligations were primarily for personal, family, or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.

21. Afterward, the alleged debt was allegedly assigned, placed, transferred, or sold to LVNV Funding LLC, for collection.

22. Sometime before July 30, 2015, Defendant LVNV, a debt collector pursuant to the FDCPA, retained, employed, or otherwise engaged Defendant NRC, also a debt collector pursuant to the FDCPA, to proceed with efforts to collect the alleged debt from Plaintiff.

23. Pursuant to the instructions of LVNV, Defendant NRC, on behalf of LVNV, contacted Plaintiff multiple times via Plaintiff's work number, cell phone and email to collect on an alleged Judgment entered against Plaintiff, despite Plaintiff's assertion that there was no valid Judgment against her.

24. On July 30, 2015, Defendant NRC, on behalf of its client, LVNV, emailed Plaintiff a letter stating that she owed a current balance of $13,123.92 to the Current Creditor, LVNV.  Defendant NRC included as an attachment to said email a copy of a Judgment entered against her on August 6, 2010 in an action entitled *Arrow Financial Services, LLC v. Monir Mirshafiei*, Case No. 30-2010-00348310, Superior Court of California, County of Orange.

25. However, the abovementioned Judgment had been set aside and vacated by the Superior Court on October 2, 2014, long before Defendant NRC's email to Plaintiff in attempt to collect the alleged debt.

26. In addition, following the Superior Court's set aside of the Judgment, on November 4, 2014, the plaintiff in that matter filed a Request for Dismissal, thus no other judgment was entered against Plaintiff in that matter.

27. In abovementioned email, Defendants represented to Plaintiff that Defendant LVNV, had a valid Judgment against Plaintiff when, in fact, Defendants knew or should have known that this was untrue.

28. Through the abovementioned e-mail, Defendants used unfair or unconscionable means to collect or attempt to collect an alleged debt from Plaintiff.  Consequently, Defendants have violated 15 U.S.C. § 1692e.

29. Through the abovementioned e-mail, Defendants made a false or misleading representations regarding the character, amount, or legal status of the alleged debt. Consequently, Defendants have violated 15 U.S.C. § 1692e(2)(A).

30. Through all the conduct as alleged above, Defendants threatened to take action that cannot be legally taken or that is not intended to be taken. Consequently, Defendants violated 15 U.S.C. § 1692e(5).

31. Through the abovementioned e-mail to Plaintiff, Defendants used false, deceptive, or misleading representations or means in connection with an attempt to collect an alleged debt from Plaintiff. Consequently, Defendants violated 15 U.S.C. § 1692f.

32. Through all the conduct as alleged above, Defendants attempted to collect an amount not authorized by the agreement creating the debt or permitted by law. Consequently, Defendants violated 15 U.S.C. § 1692f(1).

33. Through Defendants' conduct as alleged above, Defendants engaged in conduct, the natural consequence of which was to harass the Plaintiff. Consequently, Defendants violated 15 U.S.C. § 1692d.

34. As a result of Defendants' unfair, oppressive, and abusive conduct in connection with their debt collection activity, Plaintiff has suffered mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair over Defendants have continued collection efforts.

35. Through all the above-mentioned conduct, Defendants took actions against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Consequently, Defendants have violated numerous subsections of the FDCPA, including 15 U.S.C. §§ 1692d; 1692e; 1692e(2)(A); 1692e(5); 1692f; and 1692f(1).

//

//

//

# CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692, et seq.

38. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## COUNT II

### NEGLIGENCE

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Plaintiff believes and thereon alleges that Defendants owed various duties to Plaintiff pursuant to the statutes described herein. Specifically, Defendants owed a duty to Plaintiff with regard to their manner of debt collection practices.

41. Defendants breached Defendants' respective duties by engaging in the acts described herein each in violation of the statutes alleged herein.

42. Plaintiff asserts that Defendants are both the actual and legal cause of Plaintiff's injuries.

43. Plaintiff believes and thereon alleges that as a proximate result of Defendants' negligence, Plaintiff has suffered significant actual damages and emotional

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

distress.

44. Due to the egregious violations alleged herein, Plaintiff asserts that Defendants breached their respective duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct Defendants' conscious disregard for Plaintiff's rights entitles Plaintiff to recover punitive damages from Defendants

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendants;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A); against Defendants;
- an award of punitive damages to be determined at trial;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendants; and
- any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

45. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: July 29, 2016            **KAZEROUNI LAW GROUP, APC**

By:   *s/ Abbas Kazerounian*
      ABBAS KAZEROUNIAN, ESQ.
      MONA AMINI, ESQ.
      ATTORNEYS FOR PLAINTIFF