**YU | MOHANDESI LLP**

**Jordan S. Yu** (SBN 227341)
213.377.5502 | jyu@yumollp.com
**Brett B. Goodman** (SBN 260899)
213.374.3543 | bgoodman@yumollp.com
**Janette C. Lee** (SBN 283158)
213.985.2006 | jlee@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendants
LVNV Funding, LLC and
Nations Recovery Center, Inc.

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIR MIRSHAFIEI, | Case No.: 8:16-cv-01415 AG (DFMx) |
| Plaintiff, | **DEFENDANTS LVNV FUNDING, LLC AND NATIONS RECOVERY CENTER, INC.'S ANSWER TO COMPLAINT** |
| vs. | |
| LVNV FUNDING, LLC; NATIONS RECOVERY CENTER, INC., | Complaint Filed: July 29, 2016 |
| Defendants. | Honorable Andrew J. Guilford |

Defendants LVNV Funding, LLC ("LVNV") and Nations Recovery Center, Inc. ("NRC") (LVNV and NRC are collectively "Defendants"), hereby answer the Complaint of Plaintiff Monir Mirshafiei ("Plaintiff") as follows:

**INTRODUCTION**

1.     Answering Paragraph 1 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and deny these allegations to the extent they misstate the law.

2.     Answering Paragraph 2 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they violated the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq.*, and deny these allegations to the extent they misstate the law.

3.     Answering Paragraph 3 of the Complaint, Defendants deny that they attempted to unlawfully and abusively collect a debt owed by Plaintiff, or that they caused Plaintiff damages.  Except as stated, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny them.

4.     Answering Paragraph 4 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny them.

5.     Answering Paragraph 5 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny them.

6.     Answering Paragraph 6 of the Complaint, Defendants deny these allegations.

7.     Answering Paragraph 7 of the Complaint, Defendants are without

DEFENDANTS LVNV FUNDING, LLC AND NATIONS RECOVERY CENTER, INC.'S ANSWER TO COMPLAINT

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

1  sufficient knowledge or information to form a belief as to the truth of the allegations,

2  and on that basis, deny them.

3  ## JURISDICTION AND VENUE

4       8.     Answering Paragraph 8 of the Complaint, these allegations consist of

5  legal conclusions to which no response is required.  To the extent a response is

6  required, Defendants deny that they violated the FDCPA.

7       9.     Answering Paragraph 9 of the Complaint, these allegations consist of

8  legal conclusions to which no response is required.  To the extent a response is

9  required, Defendants deny that they violated the FDCPA, 15 U.S.C. §§ 1692-1692(p)

10  or committed negligence.

11      10.    Answering Paragraph 10 of the Complaint, Defendants are without

12  sufficient knowledge or information to form a belief as to the truth of the allegations,

13  and on that basis, deny them.

14  ## PARTIES

15      11.    Answering Paragraph 11 of the Complaint, Defendants are without

16  sufficient knowledge or information to form a belief as to the truth of the allegations,

17  and on that basis, deny them.

18      12.    Answering Paragraph 12 of the Complaint, Defendants are without

19  sufficient knowledge or information to form a belief as to the truth of the allegations,

20  and on that basis, deny them.

21      13.    Answering Paragraph 13 of the Complaint, Defendant LVNV admits that

22  it is a Limited Liability Company formed under the laws of the State of Delaware.

23  Defendant NRC is without sufficient knowledge or information to form a belief as to

24  the truth of the allegations, and on that basis, denies them.

25      14.    Answering Paragraph 14 of the Complaint, Defendant NRC admits that it

26  is a corporation formed under the laws of the State of Georgia, with a business address

27  at 6491 Peachtree Ind. Blvd., Atlanta, GA 30360.  Defendant LVNV is without

28  sufficient knowledge or information to form a belief as to the truth of the allegations,

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

YU I MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

1   and on that basis, denies them.

2   15.   Answering Paragraph 15 of the Complaint, these allegations consist of

3   legal conclusions to which no response is required.  To the extent a response is

4   required, Defendants are without sufficient knowledge or information to form a belief

5   as to the truth of the allegations, and on that basis, deny them.

6   ## FACTUAL ALLEGATIONS

7   16.   Answering Paragraph 16 of the Complaint, Defendants are without

8   sufficient knowledge or information to form a belief as to the truth of the allegations,

9   and on that basis, deny them.

10   17.   Answering Paragraph 17 of the Complaint, Defendants are without

11   sufficient knowledge or information to form a belief as to the truth of the allegations,

12   and on that basis, deny them.

13   18.   Answering Paragraph 18 of the Complaint, Defendants admit that

14   Plaintiff incurred a financial obligation owed to Washington Mutual Bank.  Except as

15   stated, Defendants are without sufficient knowledge or information to form a belief as

16   to the truth of the allegations, and on that basis, deny them.

17   19.   Answering Paragraph 19 of the Complaint, Defendants are without

18   sufficient knowledge or information to form a belief as to the truth of the allegations,

19   and on that basis, deny them.

20   20.   Answering Paragraph 20 of the Complaint, Defendants admit that

21   Plaintiff became delinquent on a financial obligation owed to Washington Mutual

22   Bank.  Except as stated, Defendant are without sufficient knowledge or information to

23   form a belief as to the truth of the allegations, and on that basis, deny them.

24   21.   Answering Paragraph 21 of the Complaint, Defendants admit only that

25   Plaintiff's debt was acquired by LVNV Funding, LLC.  Except as stated, Defendants

26   are without sufficient knowledge or information to form a belief as to the truth of the

27   allegations, and on that basis, deny them.

28   22.   Answering Paragraph 22 of the Complaint, Defendants admit only that

the subject account was placed with NRC for collection.  Except as stated, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny them.

23.   Answering Paragraph 23 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny them.

24.   Answering Paragraph 24 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny them.

25.   Answering Paragraph 25 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny them.

26.   Answering Paragraph 26 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny them.

27.   Answering Paragraph 27 of the Complaint, Defendants deny these allegations.

28.   Answering Paragraph 28 of the Complaint, Defendants deny these allegations.

29.   Answering Paragraph 29 of the Complaint, Defendants deny these allegations.

30.   Answering Paragraph 30 of the Complaint, Defendants deny these allegations.

31.   Answering Paragraph 31 of the Complaint, Defendants deny these allegations.

32.   Answering Paragraph 32 of the Complaint, Defendants deny these allegations.

33.   Answering Paragraph 33 of the Complaint, Defendants deny these

YU I MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

1  allegations.

2      34.    Answering Paragraph 34 of the Complaint, Defendants deny these

3  allegations.

4      35.    Answering Paragraph 35 of the Complaint, Defendants deny these

5  allegations.

6                              **COUNT I**

7      36.    Answering Paragraph 36 of the Complaint, Defendants incorporate by

8  reference their responses to the previous paragraphs as though fully set forth therein.

9      37.    Answering Paragraph 37 of the Complaint, Defendants deny these

10 allegations and deny that they violated the FDCPA.

11     38.    Answering Paragraph 38 of the Complaint, Defendants deny these

12 allegations and deny that they violated the FDCPA.

13                             **COUNT II**

14     39.    Answering Paragraph 39 of the Complaint, Defendants incorporate by

15 reference their responses to the previous paragraphs as though fully set forth therein.

16     40.    Answering Paragraph 40 of the Complaint, Defendants deny these

17 allegations.

18     41.    Answering Paragraph 41 of the Complaint, Defendants deny these

19 allegations.

20     42.    Answering Paragraph 42 of the Complaint, Defendants deny these

21 allegations.

22     43.    Answering Paragraph 43 of the Complaint, Defendants deny these

23 allegations.

24     44.    Answering Paragraph 44 of the Complaint, Defendants deny these

25 allegations.

26

27

28 / / /

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

YUI | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

45.    Plaintiff fails to state a claim upon which relief can be granted against Defendants.

## SECOND AFFIRMATIVE DEFENSE

46.    Plaintiff is barred from obtaining relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, and laches.

## THIRD AFFIRMATIVE DEFENSE

47.    Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate her alleged damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

48.    Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions.

## FIFTH AFFIRMATIVE DEFENSE

49.    Defendants' conduct was privileged and/or justified.

## SIXTH AFFIRMATIVE DEFENSE

50.    Plaintiff waived any and all claims, rights, and demands made in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

51.    With respect to the matters alleged in the Complaint, Defendants at all times acted in good faith and in accordance with reasonable commercial standards, and complied fully with the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and other relevant laws, thus precluding any recovery by Plaintiff against Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

52.    Plaintiff's claims may be barred because any alleged acts or omissions of Defendants giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by

Defendants to avoid any such acts or omissions.  Defendants at all times acted in a reasonable manner in connection with the transactions at issue in this action.

## NINTH AFFIRMATIVE DEFENSE

53.    Defendants specifically deny that they acted with any willfulness, oppression, fraud, or malice towards Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

54.    Any harm alleged in the Complaint may be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## ELEVENTH AFFIRMATIVE DEFENSE

55.    If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

56.    If Plaintiff suffered or sustained any loss, injury, damage, or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

57.    If Plaintiff prevails against Defendants, Defendants' liability is several and limited to their own actionable segment of fault, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

58.    Plaintiff's claims are barred by the statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

59.    Plaintiff's claims are barred by collateral estoppel and/or res judicata.

## SIXTEENTH AFFIRMATIVE DEFENSE

60.    By her conduct, acts, and/or omissions, Plaintiff consented to and acquiesced in Defendants' alleged conduct.

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

1

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

## SEVENTEENTH AFFIRMATIVE DEFENSE

61.     The claims alleged by Plaintiff are subject to setoff and/or recoupment for all amounts due and owing to Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

62.     The Complaint is barred, in whole or in part, on the grounds that Plaintiff lacks standing to assert any claims against Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

63.     Defendants alleged that they appropriately, completely, and fully performed and discharged any and all obligations and legal duties, if any, arising out of the matters alleged in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

64.     Defendants expressly reserve the right to assert such other and further affirmative defenses as may be appropriate.

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiff takes nothing by reason of the Complaint;

2.     For their costs of suit herein;

3.     For attorney's fees to the extent available by law or contract; and

4.     For such other and further relief as this Court may deem just and proper.

DATED:  December 8, 2016

YU | MOHANDESI LLP


By  */s/ Brett B. Goodman*
_____
Jordan S. Yu
Brett B. Goodman
Janette C. Lee
Attorneys for Defendants
LVNV Funding, LLC and
Nations Recovery Center, Inc.

1

**CERTIFICATE OF SERVICE**

2         I certify that on December 8, 2016, a copy of the foregoing was filed and served

3    electronically in the ECF system.  Notice of this filing will be sent to the parties of

4    record by operation of the Court's electronic filing system as described below.  Parties

5    may access this filing through the Court's system.

6

7    DATED:  December 8, 2016

8

9                              By   /s/ Brett B. Goodman

10                                    Brett B. Goodman

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

– 10 –
CERTIFICATE OF SERVICE